IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAGE LAURES,** *on behalf of himself and others similarly situated*, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No. 20-cv-1047-SMY<br>)<br>) |
| **PROGRESSIVE CASUALTY INSURANCE COMPANY,** | )<br>)<br>) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Sage Laures' Motion to Remand (Doc. 15) to which Defendant Progressive Casualty Insurance Company ("Progressive") filed a response (Doc. 28). For the following reasons, the motion is **DENIED**.

### Background

Plaintiff originally filed this purported class action against Progressive in St. Clair County, Illinois Circuit Court alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1, *et seq*. ("Act") and seeking contractual damages (Doc. 1-1). According to the Complaint, Laures was involved in an automobile accident with an underinsured motorist on March 3, 2019. At the time, Laures was insured under a policy issued by Progressive that contained under/uninsured motorist coverage. He sought payment pursuant to that coverage. On December 18, 2019, Progressive offered $5,000 for his damages but did not tender payment.

Laures alleges that the failure to tender timely payment (within 30 days of a claim) constitutes breach of contract (Count I), violates the Act (Count II), and was "vexatious and

unreasonable" and subject to statutory penalties pursuant to 215 Ill. Comp. Stat. § 5/155 (Count III). Plaintiff further claims that a class, "in the hundreds and most likely in thousands," has been similarly denied timely payment of damages related to accidents with under/uninsured motorists pursuant to insurance policies underwritten by Progressive over a 10 year period in Illinois. Progressive removed the case to this court, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.

## Discussion

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2s 908, 911 (7th Cir.1993). The party seeking removal has the burden of establishing jurisdiction of the district court. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997). "A defendant meets this burden by supporting allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997) (citations omitted). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Under CAFA, federal courts have diversity jurisdiction over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5,000,000, exclusive of interest and costs, is in

controversy. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006). The removing party bears the burden of describing how the controversy exceeds the minimum amount required. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553-554 (2014). However, if the plaintiff contests the defendant's allegation, the proponent must prove those jurisdictional facts by a preponderance of the evidence. *Bloomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011). "The removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they are given the plaintiff's actual demands...[t]he demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Brill*, 427 F.3d at 449 (emphasis in original). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Bloomberg*, 639 F.3d at 763. Once the removing party meets the above requirements, the court has jurisdiction unless the plaintiff can demonstrate those damages are legally impossible. *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014).

Here, Plaintiff argues that the amount in controversy cannot be calculated based on the allegations in the Complaint. Plaintiff alleges that he was offered $5,000 from Progressive which was never paid, his policy limits are $50,000, and he seeks $60,000 for each class member in civil penalties for vexatious conduct. He further alleges that the class includes hundreds if not thousands of individuals and that his claims are typical of that class. Plaintiff's allegation that damages do

not exceed $5,000,000 has no legal effect. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

Progressive has submitted sworn declarations to support its allegation that the amount in controversy exceeds the jurisdictional requirement (Docs. 28-1 and 28-2). While Progressive does not track the number of claimants to whom it has made a settlement offer that was not paid within 30 days, during the relevant time period, approximately 1,794 under/uninsured motorists claims were made pursuant to Illinois policies where payment was not tendered within 30 days of the claim being opened. The average amount paid on such claims over the past 10 years is $19,073.10. From these figures, Progressive extrapolates that there are at least 1000 potential class members who would have at least $5,000 in damages, which, when added to the civil penalties demand of $60,000 per class member, exceeds the $5 million jurisdictional threshold.

Plaintiff has presented no countervailing evidence of the amount in controversy. Thus, Progressive has met its burden to show that is more likely than not that the amount in controversy is satisfied. *See Oshana*, 472 F.3d at 506 (where the plaintiff provides little information about the value of its claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."). Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**DATE: February 8, 2021**

**STACI M. YANDLE**
**United States District Judge**