IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAGE LAURES, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 20-cv-1047-SMY ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, d/b/a PROGRESSIVE UNIVERSAL INSURANCE COMPANY and d/b/a PROGRESSIVE DIRECT AUTO, | ) ) ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In this putative class action, Plaintiff Sage Laures alleges that Defendant Progressive Casualty Insurance Company, d/b/a Progressive Universal Insurance Complany and d/b/a Progressive Direct Auto (collectively "Progressive") breached its contract and violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1) by wrongfully withholding payments owed to Laures and others similarly situated in relation to uninsured/underinsured motorist claims (Doc. 32). Laures also asserts a claim under the Illinois Insurance Code for vexatious and unreasonable delay of payment and/or settling of an insurance claim and seeks damages plus attorney's fees and costs.

Now pending before the Court is Progressive's Motion to Dismiss under Rule 12(b)(6) (Doc. 33). For the following reasons, the Motion is **GRANTED**.

## Background

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 32): On March 3, 2019, Laures suffered injuries and damages as a result of a motor vehicle accident. (Doc. 32 at p. 2). The driver at fault for the collision was underinsured. (*Id.*). At the time of the accident, Laures was insured by Progressive Casualty Insurance Company under Policy Number 901101237 ("Policy"), including uninsured/underinsured motorist ("UM/UIM") coverage with policy limits of $50,000 per accident. (*Id.* at p. 3). Under the Policy, if Laures was involved in an accident with an uninsured or underinsured motorist and was entitled to recover damages from the other driver, then Progressive was to pay Laures as damages at least the agreed upon amount he would be entitled to recover from the uninsured or underinsured motorist, not to exceed the policy limits. (*Id.*).

On October 2, 2019, Laures filed a UM/UIM claim with Progressive seeking arbitration. On December 18, 2019, Progressive offered Laures $5,000.00 for his underinsured damages, but did not tender said amount to Laures at that time. (*Id.*).[1] Progressive has continued to refuse or failed to tender its $5,000.00 offer to Laures. (*Id.*). The $5,000.00 offered to Laures by Progressive was not in dispute as to the value of the Plaintiffs' damages under his UM/UIM claim. (*Id.*).

Progressive breached its Policy by failing to tender the $5,000 to Laures. (*Id.* at p. 7). Progressive also violated the Illinois Consumer Fraud and Deceptive Business Practices Act by making an offer to tender payment and then failing to do so. (*Id.* at p. 9). Progressive's conduct in failing to tender payment of the offer made constitutes vexatious and unreasonable delay of payment under the Illinois Insurance Code and therefore, Laures is entitled to statutory damages,

---

[1] Laures declined the $5,000.00 offer as well as a subsequent $7,000.00 offer by Progressive (Docs. 34-4, 34-2).

reasonable attorney fees, and other costs. (*Id.* at p. 11). Laures seeks to represent a class consisting of all Progressive policyholders who, during ten (10) years preceding, were offered money by Progressive for either a full or partial portion of their claimed UM/UIM damages but did not receive a tender of that offered payment within thirty (30) days thereafter (*Id.* at p. 5).

## Discussion

Progressive argues the First Amended Complaint fails to state a claim and is subject to dismissal because rejected settlement offers cannot be deemed "undisputed amounts" that were due to Laures at any time. To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678.

In reviewing a Rule 12(b)(6) motion to dismiss, in addition to the complaint allegations, the Court may also properly consider documents attached to the motion when the plaintiff refers to said documents in the Complaint and they are central to the claim. *See*, *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013). If the documents contradict Plaintiff's allegations, the Court will not accept Plaintiff's allegations as true and will instead, rely on the actual documents themselves. *See, Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence."). The Court may also consider additional pertinent documents produced by a defendant when the plaintiff failed to attach them to the

Complaint. *See*, *Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 (7th Cir. 1997); *Venture Assocs. Corp.*, 987 F.2d at 431.

### Count I:  Breach of Contract

To state a viable cause of action for breach of contract, a plaintiff must allege the existence of a valid and enforceable contract; that there was substantial performance by the plaintiff; that the defendant breached; and, that as a result of defendants breach, the plaintiff was damaged. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).  Here, Laures alleges that Progressive's acts or omissions relating to "its vexatious and unreasonable conduct, improper claims practices, and lack of good faith and fair dealing, constitute a breach of its Policy" and that "its failure to tender the undisputed amounts to Laures and Class Members in a timely manner for their UM/UIM claims…is a breach of its contract". (Doc. 32 at p. 7).  His claim is premised on the amounts offered by Progressive to resolve the underinsured motorist claim (and rejected) constituting "undisputed amounts" under the Policy.

While no Illinois courts have addressed whether insurers are required to make partial payments for any "undisputed amount" based on language similar to that found in Progressive's UM/UIM provision, several other courts that have considered the issue and rejected the theory advanced by Laures.  In *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881 (Pa. Super. 2000), the court found that the UM/UIM policy provisions did not require the insurers to pay "undisputed amounts" to which the insureds were legally entitled prior to an arbitration decision setting the total amount of the claim.  Similarly, in *LeFevre v. Westberry*, the court found that the insurer had no contractual obligation to make advance payments.  590 So.2d 154 (1991).  That court also rejected the insured's argument that the obligation of good faith and fair dealing superseded the actual terms of the policy.  *See also, Aronson v. State Farm Ins. Co.*, No. CV-99-4074 CAS BQRX,

2000 WL 667285, at *12 (C.D. Cal. May 11, 2000) (concluding that even if the defendant had "offered to settle", that did not mean that the offered amount was the "undisputed amount" of the claim because "an unaccepted settlement offer does not liquidate the amount of damages or constitute an admission of 'undisputed amounts owed.'"); *Voland v. Farmers Ins. Co. of Arizona*, 189 Ariz. 448, 453 (Ct. App. 1997) ("the implied covenant of good faith and fair dealing does not require a UM carrier to pay in advance (that is, before the insured executes a release or obtains an arbitration award) the amount of an unaccepted settlement offer which fully covers all aspects of a UM claim (including special and general damages)").

This Court finds the above-cited decisions persuasive and well-reasoned. Neither the implied covenant of good faith and fair dealing nor the policy language obligated Progressive to pay Laures the amount of the unaccepted settlement offers in the absence of an executed release or arbitration award.[2] Therefore, his breach of contract claim must be dismissed.

**Count II: Illinois Consumer Fraud and Deceptive Business Practices Act**

The Illinois Consumer Fraud Act prohibits various "[u]nfair methods of competition and unfair or deceptive acts or practices." See 815 ILCS 505/2. In the context of insurer/insured disputes, Section 155 of the Illinois Insurance Code preempts claims asserted pursuant to the Illinois Consumer Fraud Act because a separate tort claim unnecessary and inapplicable when a contractual remedy is available. *Young v. Allstate Insurance Co.*, 351 Ill. App. 3d 151, 169 (1st Dist. 2004). And although "an insurer's conduct may give rise to both a breach of contract action and a separate and independent tort action," allegations of "bad faith or unreasonable and vexatious conduct do not alone constitute a tort." *Hopkins v. White*, No. 05-3231, 2006 WL 8443523, at *5

---

[2] Plaintiff's theory also runs afoul of Federal Rule of Evidence 408 under which evidence of a party's "offering…to compromise" a "claim that was disputed as to validity or amount" is "not admissible…when offered to prove liability for…or [the] amount of" the disputed claim. Fed. R. Evid. 408.

(C.D. Ill. Mar. 28, 2006) *citing Young v. Allstate Insurance Co.*, 351 Ill. App. 3d 151, 169 (1st Dist. 2004). "When a purported tort claim boils down to an insurer's failure to pay, the remedies provided in §155 and for breach of contract cover the claim and are sufficient." *Id.* As such, Laures fails to state a colorable claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

### Count III: Additional Relief Pursuant to 215 ILCS 5/155

To state a claim under Section 155, a plaintiff must sufficiently and plausibly allege that the insurer's conduct was vexatious and unreasonable. Obviously, absent an obligation under the Policy to make partial advance payments of the amounts offered and rejected to settle the UIM claim, Progressive cannot be found to have acted in bad faith. *See*, *Voland* at 453 (no bad faith where insurers declined to pay insured, up front, the amount they offered and insured rejected in settlement). Therefore, Laures' claim under Section 155 of the Illinois Insurance Code must be dismissed as well.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**; Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of Courts is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 2, 2022

_____
**STACI M. YANDLE**
**United States District Judge**